[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11066
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-20531-RLR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENOL AUGUSTIN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 5, 2016)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Kenol Augustin appeals his conviction for conspiracy to possess 15 or more unauthorized access devices, namely, Social Security numbers, in violation of 18 U.S.C. § 1029(b)(2).  On appeal, Mr. Augustin contends that the district court erred when it denied his motion for judgment of acquittal because the evidence presented at trial was insufficient to show that he knowingly and voluntarily participated in the charged conspiracy.  After a thorough review of the record and the parties' briefs, we affirm.

## I

We review Mr. Augustin's challenge to the sufficiency of the evidence *de novo,* but we view the evidence in the light most favorable to the government.  *See United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005).  We will not overturn a guilty verdict unless, based on the record evidence, no rational trier of fact could have found Mr. Augustin guilty beyond a reasonable doubt.  *See United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005).  We will assume that the jury resolved all credibility issues in a manner that supports its verdict.  *See Garcia*, 405 F.3d at 1269.

To convict Mr. Augustin of the conspiracy charge, the government had to prove that there was an agreement between two or more persons to possess 15 or more counterfeit or unauthorized devices, that one of the parties in the conspiracy committed an overt act in furtherance of the agreement, and that Mr. Augustin

knowingly and voluntarily joined the conspiracy. *See Garcia*, 405 F.3d at 1269; 18 U.S.C. § 1029(a)(3), (b)(2). The government may rely solely on circumstantial evidence to prove the conspiracy's existence and Mr. Augustin's knowing and voluntary participation. *See Garcia*, 405 F.3d at 1269. *See also Glasser v. United States*, 315 U.S. 60, 80 (1942) ("Participation in a criminal conspiracy need not be proved by direct evidence; a common purpose and plan may be inferred from a 'development and collocation of circumstances.'") (citation omitted).

The government presented sufficient evidence for a reasonable jury to find Mr. Augustin guilty of conspiring to possess 15 or more unauthorized access devices. The evidence presented at trial showed that Tawana Cole stole personal identifying information from her employer, Memorial Cancer Center, and gave the information to Harold Harper. Mr. Harper worked at the salon owned by Mr. Augustin's then-fiancée, Aesha Sumayya Newman. There was also evidence that Mr. Augustin later delivered money to Ms. Cole and said that it was "the money that I owe you." Ms. Newman, in addition, saw Mr. Augustin looking at spreadsheets of personal identifying information on his computer. Moreover, Mr. Augustin offered to pay Ms. Newman's sister, Moshi Barnard, to create e-mail addresses to correspond with the personal identifying information from his computer. Ms. Barnard was later arrested and found with personal identifying

3

information, including spreadsheets that included information stolen by Ms. Cole and that had Mr. Augustin's nickname on them.

This evidence is sufficient to support the jury's finding that a conspiracy to possess 15 or more unauthorized access devices existed, and that Mr. Augustin knowingly and voluntarily participated in that conspiracy.

## II

The district court did not err in denying Mr. Augustin's motion for judgment of acquittal.

**AFFIRMED.**

4